## BALTIMORE CITY COURT

Filed May 10, 1889.

THE LORRAINE CEMETERY COMPANY OF BALTIMORE CITY
VS.
JAMES·B. SMALLWOOD.

*E. C. Eichelberger* for plaintiff.
*Fisher, Bruce & Fisher* for defendant.

STEWART, J.—

This is a suit by the plaintiff against the defendant to recover $56.75, claimed to be due under a subscription, signed by the defendant on June 14, 1886, in which he agrees to pay $50 as soon as required by the Cemetery Company for one lot, 16 by 20 feet, in Section No. 11 of the Lorraine Cemetery. The defence is extremely technical, and is based upon the alleged ground that the lot is not described with sufficient precision to enable the party to locate it, and therefore the contract, being for an interest in land, and within the statute of frauds, cannot be enforced.

The description of a lot 16 by 20 feet in Section 11 does not apply to one lot alone in Section 11 of the cemetery; if it did apply, that fact could be shown by extrinsic evidence, and the defendant held under the contract; but there are many lots of the same size; the defendant declines to select a lot, and the plaintiff is not clothed with power to do so against his consent. As a matter of course, the subscription must be for something which exists and can be identified.

The Court of Appeals in this State has, in several cases, refused to enforce contracts in which there were more certainty than can be found in the agreement before the Court; and this Court cannot, where our own appellate Court has decided a point, look to tribunals beyond our State limits to furnish precedents for its guidance.

There is nothing in the subscription connecting it with the prospectus, which would shed light upon the one point in dispute, nor could extrinsic evidence, even if attainable, accomplish that purpose; nor can subsequent written or other promises based upon the original agreement be enforced, if the statute of frauds be pleaded and relied upon, as in this case.

If the designation had been lot No. 1, or any other specific number, in Section 11, and there had been exhibited, at the time of the agreement a plat of the cemetery, in which said lot was marked, the contract could be enforced, as was decided in Scarlett vs. Stein, 40 Md. 512; in that case there was certainty, while in this case, that element is lacking.

The authorities cited by the plaintiff have all been examined with care, but they do not meet this case. They merely go to the extent that where there is a latent ambiguity in a contract, parol evidence may be admitted to explain it; but that is not the case here. The agreement in evidence shows that no particular lot was intended; there are many lots answering the same description, and the selection of a lot must be by mutual consent. It is not for the plaintiff to say that the most eligible lot in the cemetery, according to the opinion of reasonable people, shall be awarded the defendant, if he differs in opinion with them, and declines to take it. The defence is one which the law sustains, and it follows that the judgment of the justice, which was in favor of the defendant, must be affirmed.